[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11400
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 1, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00196-CR-1-KD-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STUART CRAIG DUBOSE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 1, 2010)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Stuart Craig DuBose appeals his convictions for making a false statement in

connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6), and for possessing a firearm while subject to a protective order, in violation of 18 U.S.C. § 922(g)(8). Specifically, DuBose argues that (1) the protective order underlying his conviction does not satisfy the requirements of Section 922(g)(8); (2) the district court abused its discretion by refusing to admit into evidence the entire transcript of the divorce hearing at which the protective order was entered; and (3) his conviction is invalid because the order was void when he purchased the firearm.

On March 25, 2008, in the midst of divorce proceedings, Alabama Circuit Judge Thomas Baxter issued a domestic violence protective order against Defendant Dubose following an ex parte hearing on a motion by DuBose's wife, Allison T. DuBose. The Order stated:

> Stuart DuBose is hereby specifically restrained and enjoined from intimidating, threatening, hurting, harassing, or in any way putting the plaintiff, Allison T. DuBose, her daughters and/or her attorney in fear of their lives, health, or safety pending final hearing of this suit. Otherwise, he should be held in direct contempt of the orders of this Court.

Within several days of the hearing, Sheriff of Clarke Country, Alabama, personally served the protective order on DuBose. On April 7, 2008, another hearing was held before Marengo County District Court Judge Wade Drinkard,

2

who explained that he had been appointed by the Alabama Chief Justice to preside over the DuBose divorce case following Judge Baxter's recusal. Defendant DuBose, a lawyer and Alabama judge, represented himself at the hearing and moved to set aside the previously issued protective order. Judge Drinkard denied the motion and orally reaffirmed the March 25 order.

On April 18, 2008, DuBose purchased a Ruger compact rifle, a scope, and a box of ammunition at Quint's Hardware in Saraland, Alabama. At the time of purchase, DuBose completed ATF Form 4473, which informed him that he would not receive a firearm if he was prohibited from doing so by Federal or State Law. The form asked DuBose, among other things, "Are you subject to a court order restraining you from harassing, stalking, or threatening your child or an intimate partner or child of such partner?" DuBose answered "no" to this question.

DuBose was charged in a two-count indictment alleging that he made a false statement on an ATF Firearms Transaction Record Form in connection with his purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6) (Count 1); and that he unlawfully possessed a firearm while he was subject to a protective order, in violation of 18 U.S.C. § 922(g)(8) (Count 2). At trial, the government presented testimony from the following people: the sheriff who served the written protective order on the Defendant after the March 25th hearing; Judge Drinkard; Alabama

3

Judge J. Donald Banks, who testified that Judge Drinkard's April 7th order went into effect immediately upon oral reaffirmation of the March 25 order; the store owner who sold the firearm to Dubose; and the ATF agent who arrested DuBose and established that the Ruger had previously traveled in interstate commerce. The government also introduced into evidence a redacted transcript of the April 7th hearing. The district court, upon determining that many of the issues discussed in the transcript were irrelevant, denied DuBose's request to admit the entire 103-page transcript. The court instead offered DuBose the opportunity to introduce relevant excerpts.

DuBose argued that, at the time he purchased the Ruger rifle, the orders against him were invalid on various procedural grounds under Alabama law. The district court, citing United States v. Hicks, 389 F.3d 514 534-36 (5th Cir. 2004), ruled that DuBose could not collaterally attack the April 7 order "if the order was issued after a hearing in which he had an opportunity to participate." DuBose was convicted on both counts. This appeal followed.

I.    Requirements of 18 U.S.C. § 922(g)(8) (Count 2)

DuBose argues that the district court erred by denying his motion for a judgment of acquittal. He argues that the protective order against him failed to

satisfy the criteria set forth in 18 U.S.C. § 922(g)(8), because it did not contain an explicit prohibition on the use of "physical force" necessary to satisfy the requirement of Section 922(g)(8)(C)(ii). DuBose claims that, because of this omission, the order did not make it illegal for him to purchase a firearm under Section 922(g)(8).

We review a district court's denial of a motion for judgment of acquittal de novo. United States v. Hunt, 526 F.3d 739, 744 (11th Cir. 2008). In reviewing the sufficiency of the evidence underlying a conviction, we consider the evidence "in the light most favorable to the government, with all inferences and credibility choices drawn in the government's favor." United States v. LeCroy, 441 F.3d 914, 924 (11th Cir. 2006).

Dubose was convicted under Count 2 of his indictment for violating 18 U.S.C. § 922(g)(8), which bars firearms possession by any person "who is subject to a court order that":

> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
> (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
> (C) (i) includes a finding that such person represents a

5

> credible threat to the physical safety of such intimate partner or child; or
>
> (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury.

18 U.S.C. § 922(g)(8).

DuBose argues that he cannot be convicted under that statute because, at the time he purchased the Ruger rifle, he was not under a protective order that satisfied the requirements of Section 922(g)(8).  Here, there is no doubt that the protective order in question meets the requirements of Section 922(g)(8)(A), because the April 7 order was entered after a hearing at which DuBose both was present and had an opportunity to respond.  There is also no doubt that the order meets the requirements of subsection (B) of that statute, because it restrained DuBose from "intimidating, threatening, hurting, [or] harassing" his wife and her daughters.  Finally, the order does not make any finding that DuBose represents a credible threat to the physical safety of his wife or her daughters, as required by Section 922(g)(8)(C)(i).  Therefore, in order for DuBose's conviction under 922(g)(8) to be valid, the April 7 order must comply with 922(g)(8)(C)(ii) by explicitly prohibiting "the use, attempted use, or threatened use of physical force against [his wife and her daughters] that would reasonably be expected to cause bodily injury."  DuBose argues that the order does not meet this requirement

6

because the protective order does not use the terms "use" or "attempted use" or "threatened use" of "physical force." We have never addressed whether a protective order that does not contain the precise statutory language of Section 922(g)(8)(C)(ii) can subject a defendant to criminal punishment under Section 922(g)(8). We therefore rely on the guidance of other circuits and of common sense in making our determination.

In United States v. Bostic, the Fourth Circuit summarily held that an order that did not contain the precise statutory language, but ordered an individual to "refrain from abusing" his wife, "unambiguously satisfies" the requirements of subsection (C)(ii) that the court order prohibit the use, attempted use, or threatened use of "physical force." 168 F.3d 718, 721-22 (4th Cir. 1999). In United States v. Coccia, the First Circuit became the only other circuit to address whether a protective order must contain the identical language of subsection (C)(ii) to meet the statute's requirements. 446 F.3d 233, 241-42 (1st Cir. 2006). The court, citing Bostic, held that a protective order that directed "the defendant to 'refrain from abusing' his wife" was sufficient to satisfy the statute's provisions. Coccia, 446 F.3d at 242. The court noted that the "definition of 'abuse' as a verb includes 'to injure (a person) physically or mentally'" and that "'[a]buse' as a noun includes 'physical or mental maltreatment, often resulting in mental, emotional, sexual, or

7

physical injury.'" Id. Thus, the court concluded that the "commonly understood definition of 'abuse' includes violent acts involving physical force within the definition," and that a commonsense reading of the statute belied Coccia's narrower interpretation. See id.

Following the analysis of our sister circuits, we conclude that a conviction under 18 U.S.C. § 922(g)(8) does not require that the precise language found in subsection (C)(ii) must be used in a protective order for it to qualify under the statute. See Bostic, 168 F.3d at 721-22; Coccia, 446 F.3d at 241-42. When interpreting a statute, we rely on the "ordinary, contemporary, common meaning" of its words. Perrin v. United States, 444 U.S. 37, 42, 100 S. Ct. 311, 314 (1979); United States v. Haun, 494 F.3d 1006, 1009 (11th Cir. 2007). Moreover, we are not required to interpret a statute "in such a narrow fashion as to defeat what we conceive to be its obvious and dominating general purpose." See Miller v. Amusement Enterprises, Inc., 394 F.2d 342, 350 (5th Cir. 1968)[1].

The April 7 order "restrained and enjoined" DuBose "from intimidating, threatening, hurting, harassing, or in any way putting the plaintiff, Allison T. DuBose, her daughters and/or her attorney in fear of their lives, health, or

---

[1] Fifth Circuit decisions rendered prior to September 30, 1981 are binding precedent on the Eleventh Circuit. See Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

8

safety[.]" The definition of "hurt" as a verb includes "[t]o inflict with physical pain." Webster's New Collegiate Dict. (1979). Thus, the order's language restraining DuBose from "hurting" his wife or her daughters, at the very least, satisfies subsection (C)(ii)'s requirement that the order explicitly prohibit the use, attempted use, or threatened use of "physical force" that would reasonably be expected to cause bodily injury. A narrower interpretation would defeat what we conceive to be the obvious and general purpose of the statute.

Therefore, we hold that the order to which DuBose was subjected, with its prohibition on "hurting" his wife or her children, fell within the parameters of 18 U.S.C. § 922(g)(8). Accordingly, we affirm the judgment of conviction on Count 2 (alleging that DuBose unlawfully possessed a firearm while he was subject to a protective order in violation of Section 922(g)(8)).[2]

II.    Admission of Redacted Transcript

DuBose next argues that the district court erred by denying his motion to

---

[2]    DuBose also argues that, because he was not subject to a court order prohibiting him from purchasing a firearm at the time of his purchase, he is not guilty of Count 1 (knowingly making a false statement with the intent to deceive a firearms dealer with respect to a fact material to the lawfulness of the sale, in violation of Section 922(a)(6)). Because we have held that DuBose was in fact subject to a court order prohibiting him from purchasing a firearm at the time of his purchase, we also reject his challenge to Count 1, and affirm his conviction on Count 1.

admit into evidence the entire transcript of the April 7, 2008 divorce hearing, while admitting the government's eight-page redacted version instead. He argues that the entire context in which he was apprised of the order was relevant to whether he was under a protective order covered by § 922(g)(8). He also argues that the entire transcript constituted relevant evidence that could have assisted the jury when making the determination of whether he knowingly violated § 922(a)(6) when he filled out a form to purchase a firearm.

We review the district court's rulings on admission of evidence for abuse of discretion. United States v. Jimenez, 224 F.3d 1243, 1249 (11th Cir. 2000). "[W]hen employing an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004). Pursuant to Rule 402 of the Federal Rules of Evidence, evidence that is not relevant is not admissible. Fed. R. Evid. 402.

In the present case, the hearing at issue before Judge Drinkard concerned the divorce between DuBose and his wife. The transcript therefore covered a variety of issues, such as property division and custody. The district court allowed a redacted portion of the hearing's 110-page transcript into evidence, explaining that it did not want the jury to consider "irrelevant" issues. The court also allowed

10

DuBose to extract any portions of the hearing that were relevant to the protective order so that he could enter those portions into evidence to establish context. DuBose did not take this opportunity. The court's prohibition of irrelevant evidence complied with Rule 402 and was not clear error. See Fed. R. Evid. 402. Therefore, the court did not abuse its discretion by refusing to admit the entire transcript into evidence.

III.    Validity of Underlying Protective Order

In his last point of error, DuBose attacks the validity of his underlying protective order, entered on April 7, 2008, arguing that the order was void when he purchased the firearm because: (1) the government failed to prove that Drinkard, a district court judge in Marengo County, had the authority to enter any orders in a domestic relations case in the Circuit Court of Clarke County; and (2) any orders issued in the March 25, 2008 hearing before Judge Baxter were void because they were entered prior to the payment of a filing fee or the case being filed. We need not address the merits of DuBose's arguments because we hold that he cannot challenge the validity of the underlying protective order as a means of collaterally attacking his 18 U.S.C. § 922(g)(8) prosecution.

Whether a defendant can collaterally attack a protective order is a question

11

of law we review de novo.  Cf. United States v. Mikell, 102 F.3d 470, 474 (11th Cir. 1996) (stating that whether a defendant can collaterally attack a prior conviction is a question of statutory interpretation reviewed de novo).

Whether a defendant may challenge the validity of the underlying state court protective order in a 18 U.S.C. § 922(g)(8) prosecution is an issue of first impression in this court.  Every other circuit to address this issue, however, has held that a defendant may not collaterally attack the underlying protective order in a Section 922(g)(8) prosecution.  See United States v. Wescott, 576 F.3d 347, 354 (7th Cir. 2009); United States v. Young, 458 F.3d 998, 1005 (9th Cir. 2006); United States v. Hicks, 389 F.3d 514, 534 (5th Cir. 2004); United States v. Baker, 197 F.3d 211, 216-17 (6th Cir. 1999).  In each of those cases, the court relied on the Supreme Court's decision in Lewis v. United States, 445 U.S. 55, 100 S. Ct. 915 (1980).  In Lewis, the defendant was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 1202(a)(1).  445 U.S. at 56, 100 S. Ct. at 916.  The defendant argued that his predicate felony conviction was invalid because he was not represented by counsel at the time of his conviction.  Id. at 56-58, 100 S. Ct. at 916-18.  The Supreme Court disagreed, determining that under the plain meaning of the statute "the fact of a felony conviction imposes a firearm disability until the conviction is vacated or the felon is relieved of his disability by

some affirmative action." Id. at 60-61, 100 S. Ct. at 918. The Court thus held that the federal firearms statute intended to prevent all convicted felons from possessing firearms, even if the underlying "felony conviction ultimately might turn out to be invalid." Id. at 62, 100 S. Ct. at 919.

In Baker, the Sixth Circuit applied Lewis's reasoning to affirm the conviction of a defendant who possessed a firearm while subject to a domestic violence protection order. 197 F.3d at 217. Baker attacked his Section 922(g)(8) conviction on the grounds that the civil proceeding by which he was made subject to the order did not afford him the constitutional safeguards associated with a criminal proceeding. Id. at 216. Calling the Supreme Court's decision in Lewis "instructive," the court held that "[r]egardless as to how Baker became subject to a domestic violence protection order, he attained that status and thus must comply with § 922(g)(8)." Id. at 217. Because "[a] jury, after a criminal trial featuring all required constitutional safeguards, found Baker had failed to do so," the court upheld Baker's conviction. Id.

Three other circuits have since agreed. In Hicks, the defendant argued that his conviction under Section 922 (g)(8) was invalid because the state court that issued the underlying protective order lacked subject matter jurisdiction. 389 F.3d at 534. The Fifth Circuit, relying on Lewis, affirmed Hick's conviction upon

determining that "nothing in the language of 18 U.S.C. § 922(g)(8) indicates that it applies only to persons subject to a *valid*, as opposed to an *invalid*, protective order." Id. at 535 (emphasis in original). The court then pointed out that "[i]f Hicks truly believed that [the order] was invalid, he should have objected to the [county court]'s subject-matter jurisdiction at the original court hearing, appealed the order for lack of jurisdiction, or sought a writ of mandamus from the local appellate court *before* possessing either firearms or ammunition." Id. at 536 (emphasis in original); accord Young, 458 F.3d at 1005 (holding that defendants prosecuted under Section 922(g)(8) may only attack the validity of the underlying protective order on the grounds that they were not provided a hearing of which they were given "actual notice and an opportunity to participate"); Wescott, 576 F.3d at 353 (determining that, because the protective order against the defendant was issued after a hearing in compliance with Section 922(g)(8)(A), "[s]o long as the Order was in effect, [the defendant] could not lawfully possess firearms or ammunition").

We follow our sister circuits and hold that protective orders satisfying the Section 922(g)(8) requirements are analogous to felony convictions for the purposes of the statute's restraint on the possession of firearms. Reasoning from Lewis, the validity of an underlying protective order is therefore irrelevant to a

14

defendant's conviction under Section 922(g)(8). Here, it is uncontested that a protective order was entered against Defendant DuBose on April 7, 2008. It is also uncontested that DuBose was present and represented himself at the hearing. Thus, the requirements that DuBose receive a hearing with actual notice and an opportunity to respond have been met.

DuBose cites no authority suggesting that an invalid underlying protective order would nullify his conviction. Moreover, his attempts to distinguish the relevant precedent fail. At the time it was entered, the protective order against DuBose had as much force as the defendant's protective order in Hicks. As with the Hicks defendant, if DuBose truly believed that the order was invalid, he should have objected to the court's subject-matter jurisdiction before possessing either firearms or ammunition.

Because DuBose purchased a firearm while subject to a domestic violence protective order issued after a hearing of which DuBose had actual notice and at which he had an opportunity to respond, the jury properly convicted him under Section 922(g)(8). Thus, we affirm the district court's denial of DuBose's motion for a judgment of acquittal.

**AFFIRMED.**[3]

---

[3] Appellant's request for oral argument is DENIED.