[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  11-16192
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00313-JSM-EAJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GUADALUPE GUTIERREZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 10, 2012)

Before MARCUS, PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Jose Guadalupe Gutierrez was convicted by a jury of two counts of carjacking,

in violation of 18 U.S.C. § 2119, and two counts of carrying a gun during and in

relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced him to 462 months' imprisonment, which was on the low end of the range recommended by the Sentencing Guidelines, and included a statutory minimum sentence of 384 months' imprisonment. Mr. Gutierrez appeals both his convictions and his sentence, arguing that there was insufficient evidence to support the verdict and that his sentence is procedurally and substantively unreasonable.  We affirm.

## I.

We review *de novo* a challenge to the sufficiency of the evidence, *United States v. Thompson*, 422 F.3d 1285, 1290 (11th Cir. 2005), and "we consider the evidence in the light most favorable to the government, with all inferences and credibility choices drawn in the government's favor," *United States v. DuBose*, 598 F.3d 726, 729 (11th Cir. 2010) (quotation marks omitted). "The jury gets to make any credibility choices, and we will assume that they made them all in the way that supports the verdict. It is not enough for a defendant to put forth a reasonable hypothesis of innocence, because the issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found guilt beyond a reasonable doubt." *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006). "A conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." *United States v. Chastain*, 198

F.3d 1338, 1351 (11th Cir. 1999).

With sparse argument, Mr. Gutierrez contends that we must reverse the jury's verdict because the evidence "was a morass of contradictions." Specifically, he argues that the evidence "was tainted by the inconsistent and incredible testimony [of] the alleged victims." Mr. Gutierrez does not tell us exactly what portions of the testimony trouble him, but our review of the record discloses several possibilities. For example, one victim testified that he had been driving toward his home when he encountered Mr. Gutierrez, but a police report written just after the carjacking suggested that the victim had been driving away from his home. And an officer testified that Mr. Gutierrez was wearing a black shirt when the officer found him near the wreckage of one of the carjacked vehicles, which had just crashed following a high-speed evasion attempt, but other evidence suggested the shirt was blue.

This evidence might not be a model of consistency, but it is far from being incredible as a matter of law. *See Thompson*, 422 F.3d at 1291 (noting that testimony must be unbelievable on its face—by including facts a witness could not possibly have observed or events that could not have occurred under the laws of nature, for example—to be incredible as a matter of law). The jury considered any inconsistencies in the evidence and credited what it found most believable. We decline Mr. Gutierrez's invitation to revisit the jury's credibility determinations. *See*

3

*United States v. Siegelman*, 640 F.3d 1159, 1165 (11th Cir. 2011) ("In our system, the jury decides what the facts are, by listening to the witnesses and making judgments about whom to believe. This they have done, and, though invited to do so, we shall not substitute our judgment for theirs.") (footnote omitted).

The evidence as a whole is sufficient to support Mr. Gutierrez's convictions. The government presented testimony from two victims who averred that Mr. Gutierrez took their cars at gunpoint, from an officer who apprehended Mr. Gutierrez after a high-speed chase (and a collision) involving one of the carjacked vehicles, from other officers who talked to the victims and collected crime-scene evidence, and from an analyst who matched spent shell casings found at the scene of one carjacking to a gun found in the "debris field" of the wreckage after Mr. Gutierrez's unsuccessful attempt to evade police in one of the carjacked vehicles. That evidence, when combined with the parties' stipulation that the carjacked vehicles had moved in interstate commerce, is enough to support the jury's verdict. *See United States v. Diaz*, 248 F.3d 1065, 1096 (11th Cir. 2001); *United States v. Pounds*, 230 F.3d 1317, 1319 (11th Cir. 2000).

## II.

Mr. Gutierrez also contends that his 462-month sentence is both procedurally and substantively unreasonable. "We review sentencing decisions only for abuse of

discretion, and we use a two-step process."[1] *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). We "must first ensure that the district court committed no significant procedural error, such as . . . failing to consider the § 3553(a) factors . . . or failing to adequately explain the chosen sentence. . . ." *Gall v. United States*, 552 U.S. 38, 51 (2007). We "then consider the substantive reasonableness of the sentence imposed," taking into account the "totality of the circumstances." *Id.* Although we do not automatically presume that a sentence falling within the guidelines range is reasonable, we ordinarily expect it to be. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Mr. Gutierrez's sentence—which was the lowest within-guidelines option for his convictions—meets our expectation of reasonableness, as it is neither procedurally nor substantively flawed . First, we disagree with Mr. Gutierrez that the district court failed to explain the sentence adequately. After hearing from Mr. Gutierrez's counsel and the government, the district court stated that it had "reviewed the presentence report" and had considered the § 3553 factors and "advisory guidelines." The court then imposed the lowest sentence suggested by those

---

[1] The government argues that we should review the procedural reasonableness of Mr. Gutierrez's sentence under the plain-error standard because he failed to object to the adequacy of the district court's explanation of his sentence at the time the district court rendered it. But we have not yet adopted such an approach in a published opinion, and we do not need to do so here: Mr. Gutierrez's sentence is reasonable even under the abuse-of-discretion standard.

guidelines, waiving a fine because of Mr. Gutierrez's "financial status." The court concluded its statement with a specific finding "that the sentence complies with the purposes set forth in 18 U.S.C. § 3553."

Mr. Gutierrez argues that the district court neither specified which § 3553 factors it considered nor addressed his mitigation evidence regarding his age, abusive childhood, anger issues, and drug problem. He asserts that the court did not give an "individualized" explanation particular to him but instead simply "robotically opined" that the 462-month sentence was appropriate. As Mr. Gutierrez concedes, however, the district court heard his mitigation arguments just before pronouncing the sentence (in addition to reading about them in the presentence report) and made clear on the record that it had considered the § 3553 factors. And the court certainly tailored its sentence to Mr. Gutierrez's particular circumstances, as it declined to impose a fine based on his personal financial status.

Although the district court could have said more, it said enough on this record. "[W]e have held that a court's explicit acknowledgment that it has considered a defendant's arguments and the § 3553(a) factors is sufficient to demonstrate that it has adequately and properly considered those factors." *United States v. Ellisor*, 522

F.3d 1255, 1278 (11th Cir. 2008).[2] We have also "squarely h[e]ld that nothing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors" for a sentence to be procedurally sound. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Thus, Mr. Gutierrez's sentence is procedurally reasonable.

The sentence is also substantively reasonable, which, as a within-guidelines sentence, we generally expect it to be. *See Hunt*, 526 F.3d at 746. Although Mr. Gutierrez argues that 462 months is "greater than necessary to achieve the purpose of sentencing" (and that 384 months—the statutory minimum—would have been sufficient), we see nothing unreasonable in the district court's decision not to sentence Mr. Gutierrez below the advisory guidelines range. First, a sentence of 384 months would have provided no incremental punishment for the carjacking offenses. Second, the seriousness of the crimes—which involved the discharge of guns and a high-speed car chase through afternoon traffic—and Mr. Gutierrez's criminal history (some of it violent) and lack of remorse supported that choice. Although a sentence somewhere between 384 months and 462 months would have been permissible, the

---

[2] Citing other circuits' decisions, Mr. Gutierrez suggests to us that our precedent of allowing district courts to sentence defendants without exhaustive explanations of how they reached those sentences does not "provide for meaningful appellate review." Unless and until our precedent is overruled by the United States Supreme Court or by this Court sitting en banc, however, we are bound to follow it. *See, e.g.*, *United States v. King*, 509 F.3d 1338, 1343 (11th Cir. 2007).

sentence imposed is reasonable.

## III.

Mr. Gutierrez's conviction and sentence are affirmed.

**AFFIRMED.**