[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12782
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00057-RV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY KILBY FILLINGIM,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 11, 2017)

Before JORDAN, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Larry Fillingim, proceeding *pro se*, appeals the district court's denial of his

motion to dismiss the superseding indictment charging him, *inter alia*, with

possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).  He argues that the district court should have dismissed the indictment because his prior Georgia felony convictions for aggravated stalking, false imprisonment, and aggravated assault were void for lack of jurisdiction.  Because Mr. Fillingim may not collaterally attack his underlying state felony convictions in his federal criminal proceedings, we affirm the district court's denial of the motion to dismiss.

## I.    FACTUAL BACKGROUND

Mr. Fillingim was previously convicted in Georgia for aggravated stalking, aggravated assault, and false imprisonment.  For each crime, Mr. Fillingim was subject to a term of imprisonment exceeding one year.  Several years after his convictions, Mr. Fillingim attempted to purchase a pistol from a federally licensed firearms dealer.  Before the dealer could sell Mr. Fillingim the pistol, Mr. Fillingim had to provide certain information, including whether he had a prior felony conviction.  Mr. Fillingim stated that he had no prior felony conviction.  After a background check revealed his prior convictions, Mr. Fillingim was unable to purchase the pistol.  Subsequently, federal agents met with Mr. Fillingim to discuss his attempted purchase of the pistol.  At this meeting, Mr. Fillingim admitted that he had attempted to purchase the pistol and that he owned other firearms as well as ammunition.

2

Mr. Fillingim was charged in a superseding indictment with two counts of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and one count of knowingly making a false statement to a federally licensed firearm dealer in connection with the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6).  Prior to trial, Mr. Fillingim filed a *pro se* motion to dismiss the indictment on the basis that his convictions for the Georgia felonies were void because the state court lacked jurisdiction.  He argued that the state court lacked jurisdiction because, among other things, the judges who presided over his state criminal proceedings were corrupt; while awaiting trial, he was subject to unconstitutional conditions of confinement and abuse; he was forced to take medication that rendered him incompetent to stand trial; and he was denied effective assistance of counsel.  He also asserted that state court judges harassed him after his convictions through various abuses of the legal process and that law enforcement officers shot at him in retaliation for pursuing litigation.  The government opposed the motion, arguing that the indictment was legally sufficient and that Mr. Fillingim could not raise a collateral attack on the validity of his prior felony convictions in his felon-in-possession proceeding.  The district court agreed with the government and denied the motion to dismiss.

3

After the denial of his motion to dismiss, Mr. Fillingim pled guilty to the three counts in the superseding indictment but reserved his right to appeal the denial of the motion.  This is his appeal.

## II.    STANDARD OF REVIEW

We review the denial of a motion to dismiss the indictment for abuse of discretion.  *United States v. York*, 428 F.3d 1325, 1331 n.8 (11th Cir. 2005).  The question of what constitutes a conviction of a crime punishable by imprisonment for a term exceeding on year under 18 U.S.C. § 922(g)(1) is a question of statutory interpretation that we review *de novo*.  *See United States v. McIlwain*, 772 F.3d 688, 693 (11th Cir. 2014).

## III.    LEGAL ANALYSIS

Federal law generally bars certain categories of persons, whom Congress considered dangerous, from possessing firearms.  *See* 18 U.S.C. § 922(g); *McIlwain*, 772 F.3d at 693.  Under § 922(g)(1), it is unlawful for a person "who has been convicted in any court of [] a crime punishable by imprisonment for a term exceeding one year" to "possess[,] in or affecting commerce, any firearm or ammunition."   18 U.S.C. § 922(g)(1).  Mr. Fillingim argues although he had previous convictions for crimes punishable by a term of imprisonment exceeding one year, the district court should have dismissed the indictment on the basis that these convictions were void.  Even assuming Mr. Fillingim could raise such a

4

challenge in a motion to dismiss the indictment, the district court did not err because at the time of Mr. Fillingim's possession of firearms and attempted purchase of the pistol, he had prior felony convictions.

The Supreme Court has held that in a federal prosecution for being a felon in possession of a firearm a defendant may not collaterally attack his prior conviction in order to negate the government's evidence that he had a felony conviction. *See Lewis v. United States*, 445 U.S. 55, 67 (1980).[1]  In *Lewis*, the Supreme Court recognized that such collateral attacks were barred because Congress had intended federal law to prevent all convicted felons from possessing firearms, even if the underlying "felony conviction ultimately might turn out to be invalid for any reason." *Id.* at 62.  The Court explained that "Congress clearly intended that the defendant clear his [felon] status *before* obtaining a firearm." *Id.* at 64.  That is, a convicted felon may possess a firearm only if his conviction had been vacated or the firearm restriction removed, such as through "a qualifying pardon or a consent from the Secretary of the Treasury." *Id.* at 60-61.  Here, Mr. Fillingim's prior convictions had not been vacated and his firearm restrictions had not been removed at the time of his possession of the firearms and attempted purchase of the pistol. Accordingly, he had a prior conviction for purposes of § 922 and could not collaterally attack his state court convictions in his federal criminal proceedings.

---

[1] In *Lewis*, the defendant was convicted of violating 18 U.S.C. § 1202(a)(1), a predecessor to the current § 922(g)(1).

5

Mr. Fillingim acknowledges that *Lewis* generally bars a collateral attack on a prior conviction but argues that we should recognize an exception here because the errors in his state court criminal proceedings were so severe that they deprived the state court of jurisdiction. But we rejected a similar argument in *United States v. DuBose*, 598 F.3d 726 (11th Cir. 2010). In *DuBose*, the defendant, who was charged with possessing a firearm while subject to a protective order, moved for a judgment of acquittal on the ground that the underlying protective order had constitutional infirmities, which deprived the issuing court of jurisdiction and rendered the order void.[2] *Id.* at 732. We were unpersuaded because the defendant was required to challenge successfully the court's subject matter jurisdiction before he could possess either firearms or ammunition. *Id.* at 733. Likewise, because Mr. Fillingim had prior felony convictions at the time he possessed a firearm or ammunition, a subsequent collateral attack on his state court convictions as void for lack of subject matter jurisdiction would not affect his federal felon-in-possession-of-a-firearm charge.

Mr. Fillingim also argues that we should allow him to raise a collateral attack on his prior convictions because the Supreme Court recognized in *District of Columbia v. Heller*, 554 U.S. 570 (2008), that he has a constitutional right under

---

[2] In *DuBose*, the defendant was charged with possession of a firearm while subject to a protective order in violation of § 922(g)(8). But we recognized that § 922(g)(1), prohibiting felons from being in possession of a firearm, was an analogous statute. *See DuBose*, 598 F.3d at 733.

6

the Second Amendment to possess a handgun in his home. Although the Supreme Court held in *Heller* that a District of Columbia law banning the possession of handguns was unconstitutional, the Supreme Court explained that its decision was not intended "to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626; *see McIlwain*, 772 F.3d at 698 (rejecting argument that *Heller* permitted a defendant to raise a collateral attack to challenge his indictment for violating § 922(g)). Accordingly, *Heller* does not entitle Mr. Fillingim to raise a collateral attack on his prior felony convictions.[3]

## IV.    CONCLUSION

For the reasons set forth above, the indictment at issue was sufficient on its face; thus, we hold that the district court did not abuse its discretion in denying Mr. Fillingim's motion to dismiss the indictment. His conviction is

**AFFIRMED.**

---

[3] On appeal, Mr. Fillingim also argues that he is entitled to relief under 42 U.S.C. § 1983 for violations of his constitutional rights, including his exposure to malicious and sadistic conditions while awaiting criminal trial in state court. Mr. Fillingim must raise any civil claims under § 1983 in a separate civil suit. We express no view on the merits of any such claims.