
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74441-1-I |
| Respondent, | ) ) ) | DIVISION ONE |
| v. | ) ) | PUBLISHED OPINION |
| MICHAEL ALLEN CLARK, | ) ) | |
| Appellant. | ) | FILED: July 31, 2017 |

TRICKEY, A.C.J. — Michael Clark appeals his convictions for unlawful possession of a firearm in the second degree. He argues that there was insufficient evidence that he was subject to the type of court order that would make his possession of firearms unlawful. Specifically, he argues that the protective order he was subject to did not meet the statutory requirement of explicitly prohibiting him from using physical force.

We disagree. An order does not need to quote the language of the statute to be explicit. Clark's order clearly prohibited the use of physical force. We affirm.

## FACTS

In June 2015, Brittany Codomo petitioned the superior court for a domestic violence protection order against Clark. The court issued a temporary order, which required Clark to surrender any firearms he possessed. In July, the court issued a permanent order for protection (the Order) and an order to surrender weapons.

In September, a detective from the King County Sheriff's Office obtained a warrant to search a storage area that Clark had rented. Inside, the detective found several firearms, including two pistols registered to Clark.

The State charged Clark with two counts of unlawful possession of a firearm in the second degree. Clark waived his right to a jury trial and submitted the case on the basis of a stipulated record. The court found Clark guilty.

Clark appeals.

## ANALYSIS

### Sufficiency

Clark argues there is insufficient evidence that he was subject to a court order that made his possession of firearms illegal because the Order did not explicitly prohibit the use of force. The State responds that the Order did not need to use the exact language of the statute for the prohibition to be explicit. We agree with the State.

The State must prove all elements of a charged crime beyond a reasonable doubt. State v. Larson, 184 Wn.2d 843, 854, 365 P.3d 740 (2015). When reviewing a claim of insufficiency, we assume the truth of all the State's evidence and draw all inferences in the light most favorable to the State. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). We then decide whether "any rational trier of fact could have found guilt beyond a reasonable doubt." Salinas, 119 Wn.2d at 201.

Here, Clark was charged with unlawful possession of a firearm. It is illegal to possess a firearm while subject to certain domestic violence protection orders. RCW 9.41.040(2)(a). To make the possession of a firearm illegal, the underlying protective order must, "[b]y its terms, explicitly prohibit[] the use, attempted use, or threatened use of physical force against the intimate partner or child that would reasonably be expected to cause bodily injury." RCW 9.41.040(2)(a)(ii)(C)(II).[1]

---

[1] The order must meet numerous other requirements, but this is the only requirement Clark challenges. See RCW 9.41.040(2)(a)(ii).

Clark stipulated to the admission of the Order and does not dispute that he was subject to it. Therefore, the only question before us is whether the Order satisfies the statutory requirements. Clark argues that the Order does not because it does not explicitly mention physical force. Clark's argument depends on the definition of "explicitly." Therefore, it is a question of statutory interpretation, which this court reviews de novo. State v. Feely, 192 Wn. App. 751, 761, 368 P.3d 514, review denied, 185 Wn.2d 1042, 377 P.3d 762 (2016).

When a statute's meaning is plain, the court gives effect to that plain meaning. State v. Elmore, 143 Wn. App. 185, 188, 177 P.3d 172 (2008). The court may refer to a dictionary to "'discern the plain meaning of nontechnical statutory terms.'" State v. Kintz, 169 Wn.2d 537, 547-48, 238 P.3d 470 (2010) (internal quotation marks omitted) (quoting State v. Cooper, 156 Wn.2d 475, 480, 128 P.3d 1234 (2006)).

Here, the statute does not define the term *explicitly*. According to Webster's Dictionary, a statement is "explicit" if it is "characterized by full clear expression," is "without vagueness or ambiguity," and leaves "nothing implied." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 801 (2002). Clark cites no authority to support a reading of *explicitly* that would require quotation of the statutory language. Thus, we conclude that a protective order does not need to contain the exact words of RCW 9.41.040(2)(a)(ii)(C)(II) to satisfy the requirement of *explicitly* prohibiting physical force. Rather, we hold that an order is sufficient if it clearly prohibits the person subject to the order from using, attempting to use, or threatening to use physical force against the protected person.

This appears to be an issue of first impression in Washington. It is persuasive that every federal circuit to examine the same issue for a nearly identical federal statute, 18 U.S.C. § 922(g)(8)(C)(ii), has held that the protective orders do not need to parrot the statute's words to be sufficient.[2]

First, in United States v. Bostic, the court held, without discussion, that an order that restrained the defendant "'from abusing'" his wife "unambiguously" satisfied 18 U.S.C. § 922(g)(8)(C)(ii). 168 F.3d 718, 722 (4th Cir. 1999). Next, in United States v. Coccia, the court rejected a defendant's claim that "only th[e] exact words" of the statute would suffice. 446 F.3d 233, 241-42 (1st Cir. 2006). The court held that the defendant's reading was too narrow and conflicted with the rule that courts must "'afford statutes a practical, commonsense reading.'" Coccia, 446 F.2d at 242 (quoting O'Connell v. Shalala, 79 F.3d 170, 176 (1st Cir. 1996)).

Then, in United States v. DuBose, the defendant argued that an order that "'restrained and enjoined [him] from intimidating, threatening, hurting, harassing, or in any way putting [certain people] in fear of their lives, health, or safety'" did not satisfy the requirements of 18 U.S.C. § 922(g)(8). 598 F.3d 726, 728 (11th Cir. 2010). The court held that the order "fell within the parameters of" the statute. DuBose, 598 F.3d at 731. The court reasoned that a narrower interpretation would defeat the "obvious and general purpose of the statute." DuBose, 598 F.3d at 731.

Finally, in United States v. Sanchez, the Ninth Circuit held that a conviction under the federal statute did not require that the underlying order contain "the precise language"

---

[2] The only differences between the Washington and federal statutes are that the federal statute does not include a comma after "by its terms" and says "such intimate partner" instead of "the intimate partner." RCW 9.41.040(2)(a)(ii)(C)(II); 18 U.S.C. § 922(g)(8)(C)(ii).

of the statute, so long as the order contained "explicit terms substantially similar in meaning." 639 F.3d 1201, 1205 (9th Cir. 2011). The court held that the order in question did not contain sufficiently similar words because it required only "'no contact.'" Sanchez, 639 F.3d at 1205.

Here, the Order restrained Clark "from causing physical harm, bodily injury, assault, including sexual assault, and from molesting, harassing, threatening, or stalking" Codomo.[3] A rational trier of fact could have found that the prohibition against causing physical harm or bodily injury or threatening Codomo made it clear that Clark was prohibited from using physical force or threatening to use physical force against Codomo. Thus, we conclude that there is sufficient evidence to sustain Clark's convictions.

### Appellate Costs

Clark also asks that no costs be awarded on appeal. Appellate costs are generally awarded to the substantially prevailing party on review. But, when a trial court makes a finding of indigency, that finding remains throughout review "unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency." RAP 14.2.

Here, Clark was allowed to proceed in forma pauperis by the trial court. If the State has evidence indicating that Clark's financial circumstances have significantly improved since the trial court's determination, it may file a motion for costs with the commissioner.

---

[3] Clerk's Papers at 120.

Affirmed.

Trickey, A CJ

WE CONCUR:

Leach, J.

Appelwick, J.