NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>F.M.S-R, JUVENILE MALE,<br><br>        Defendant-Appellant. | No.    16-10049<br><br>D.C. No.<br>4:15-cr-01794-JGZ-BPV-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted August 10, 2017[**]
Pasadena, California

Before:  CALLAHAN and OWENS, Circuit Judges, and GILLIAM,[***] District Judge.

Defendant F.M.S-R ("S-R") is a Mexican juvenile whom U.S. Border Patrol

agents apprehended after he crossed the Mexico-Arizona border with three adult

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Haywood S. Gilliam, Jr., United States District Judge for the Northern District of California, sitting by designation.

Mexican men. S-R admitted to being the group's guide and each of the men identified him as such. S-R was convicted of bringing illegal aliens into the United States in violation of 8 U.S.C. § 1324(a)(2)(A). S-R appealed. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

**1.** S-R argues that the district court erred in convicting him of the lesser-included offense of bringing aliens into the country because the government only charged him with the greater offense, which includes an additional for-profit element, and S-R did not request consideration of the lesser offense. Because S-R did not object at trial, we review his newly raised argument for plain error. *See United States v. Barajas-Montiel*, 185 F.3d 947, 953 (9th Cir. 1999). The lesser offense of bringing aliens into the United States is necessarily included in the greater offense of bringing illegal aliens into the United States for profit because the lesser offense's elements are a subset of the greater offense's elements. *See* Fed. R. Crim. P. 31(c); *see also United States v. Arnt*, 474 F.3d 1159, 1163 (9th Cir. 2007). S-R was therefore on notice that the district court could convict him of either offense. *See United States v. Stolarz*, 550 F.2d 488, 492 (9th Cir. 1977). Accordingly, the district court did not err in convicting S-R of the lesser-included offense.

**2.** S-R further argues that the district court erred in denying his motion for acquittal under Federal Rule of Criminal Procedure 29. We review the district

court's denial of S-R's motion for acquittal de novo. *United States v. Sanchez*, 639 F.3d 1201, 1203 (9th Cir. 2011). At the time of S-R's motion for acquittal, the district court had to determine whether, viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could [find] the essential elements of the crime beyond a reasonable doubt." *United States v. Leos-Maldonado*, 302 F.3d 1061, 1063 (9th Cir. 2002). Viewed in the light most favorable to the prosecution, there was sufficient evidence presented at trial to survive a motion for acquittal. *See id.* That S-R was later convicted only of the lesser offense, because the court found the for-profit element was not met beyond a reasonable doubt, does not change this result.

**3.** S-R contends that the government violated the Juvenile Delinquency Act ("JDA") protections set forth in 18 U.S.C. § 5033 by failing to make reasonable efforts to contact his parents. We review for clear error the district court's determination that the agents' efforts were reasonable. *See United States v. C.M.*, 485 F.3d 492, 498 (9th Cir. 2007). S-R further argues, for the first time on appeal, that the government violated the JDA by failing to notify S-R and the consular of S-R's JDA protections, and by failing to present S-R to the magistrate judge "forthwith." Because S-R did not raise these violations before the district court, we review for plain error. *See United States v. Doe*, 366 F.3d 1069, 1077 (9th Cir. 2004).

3

First, although S-R argued before the district court that the agents did not make reasonable efforts to contact his parents, he did not raise the particular argument that he advances now: that the police should have asked the consular to contact Mexican police officers to locate S-R's mother. We decline to review this issue because S-R raises it for the first time on appeal, and its resolution turns on undeveloped facts. *See United States v. Juvenile (RRA-A)*, 229 F.3d 737, 747 (9th Cir. 2000). Moreover, on its merits, S-R's claim is not persuasive, as contacting a consular is an adequate alternative to notifying a juvenile's parents. *United States v. D.L.*, 453 F.3d 1115, 1122 (9th Cir. 2006). Because the agents were not required to do anything more, we affirm the district court's determination that the agents made reasonable efforts to contact S-R's parents.

Second, S-R acknowledges that the Ninth Circuit only requires notification of a juvenile's *Miranda* rights, rather than notification of his *Miranda* rights plus JDA protections. *See United States v. Doe*, 170 F.3d 1162, 1167 (9th Cir. 1999). S-R has not demonstrated that expansion of this rule is warranted, nor that hearing only his *Miranda* rights prejudiced him. Accordingly, we reject S-R's contention that the government's failure to notify him and the consular of his JDA protections violated the JDA.

Third, we will not review S-R's claim that there was an unreasonable delay in his arraignment because his trial counsel affirmatively waived this argument.

4

*See United States v. Olano*, 507 U.S. 725, 733 (1993). Even if not waived, we decline to review newly-raised issues of delayed arraignment that turn on facts not developed in the record. *Juvenile (RRA-A)*, 229 F.3d at 747. Furthermore, as S-R was presented to the magistrate eighteen hours after his arrest, it is not plain that this delay was unreasonable, and S-R does not identify any prejudice arising from this delay. *Cf. D.L.*, 453 F.3d at 1125.

**AFFIRMED.**