**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

DEC 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10555 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00102-WHA-1 |
| v. | |
| FELIPE VELEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted November 15, 2016
San Francisco, California

Before: SCHROEDER, REINHARDT, and OWENS, Circuit Judges.

Defendant Felipe Velez ("Velez") appeals the district court's denial of (1)

his motions to suppress, and (2) his motion for acquittal following his conviction

on three counts of felony possession of firearms and ammunition in violation of 18

U.S.C. § 922(g)(1). As the parties are familiar with the facts, we do not recount

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

them here. A district court's denial of a motion to suppress is reviewed de novo. *United States v. Giberson*, 527 F.3d 882, 886 (9th Cir. 2008). De novo review also applies to a district court's denial of a motion for acquittal. *United States v. Sanchez*, 639 F.3d 1201, 1203 (9th Cir. 2011). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.     Velez waived any issue as to the admissibility of the .380 caliber Bersa handgun recovered on November 5, 2014 by failing to file a timely motion to suppress prior to trial as required by Federal Rule of Criminal Procedure 12(b)(3). Moreover, Velez did not provide good cause for not filing a timely motion. *See United States v. Murillo* 288 F.3d 1126, 1135 (9th Cir. 2002). Accordingly, Velez has waived any issue as to the Bersa's admissibility.

2.     The officers had reasonable suspicion to seize Velez on January 2, 2015. When the officers attempted to speak with Velez, he ran away from them and into a busy intersection against a red light, causing a traffic disruption. Velez's violation of the California Vehicle Code provided the officers with reasonable suspicion to seize him in the middle of the intersection. *See United States v. Choudry*, 461 F.3d 1097, 1098 (9th Cir. 2006). Because Velez's seizure did not violate the Fourth Amendment, the revolver that the officers found at Velez's feet was not fruit of the poisonous tree, and thus was properly admissible. *See United States v. Smith*, 633 F.3d 889, 894 (9th Cir. 2011).

**3.** The officers had probable cause to believe that Velez lived at 505 Potrero Avenue, so the parole search of the apartment was valid under the Fourth Amendment. After searching an official database, the officers learned that 505 Potrero Avenue was Velez's officially and consistently listed address. Further, upon arriving at the home, Velez's co-resident confirmed that Velez lived there. Accordingly, the officers had probable cause to believe that Velez lived at 505 Potrero Avenue. *See United States v. Grandberry*, 730 F.3d 968, 973 (9th Cir. 2013).

**4.** There was sufficient evidence for the jury to find that Velez constructively possessed the .380 caliber Bersa handgun located under his car seat on November 5, 2014. At trial, the government presented evidence that Velez was driving the vehicle on November 5, 2014 and that the gun was readily visible, within Velez's arms' reach, and located directly under Velez's feet. Further, the government presented evidence that Velez was the car's regular driver. This evidence showed that Velez was more than a passenger in mere proximity to contraband, *cf. United States v. Kelso*, 942 F.2d 680, 681-82 (9th Cir. 1991), and was sufficient for the jury to find that Velez constructively possessed the handgun. *See United States v. Carrasco*, 257 F.3d 1045, 1049-50 (9th Cir. 2001).

**5.** There was sufficient evidence for the jury to find that Velez constructively possessed the ammunition found at 505 Potrero Avenue on January 13, 2015. The

3

homeowner testified that the room the officers searched was Velez's room. In the room, the officers recovered several rounds of ammunition that matched the ammunition found in the revolver recovered during Velez's January 2, 2015 arrest, along with a gun holster designed for a long-barreled gun like the revolver. Further, the ammunition was found near Velez's personal documents, including his birth certificate, social security card, and high school diploma. In light of the evidence presented, there was a sufficient "nexus or relationship between the defendant and the goods" for the jury to find that Velez constructively possessed the ammunition seized on January 13, 2015. *See United States v. Terry*, 911 F.2d 272, 278 (9th Cir. 1990) (internal quotation marks and citations omitted).

**AFFIRMED.**